**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 6:16-cv-01142-RWS-JDL |
| v. | ) | |
| | ) | PATENT CASE |
| ARCHOS, INC., KYOCERA | ) | |
| INTERNATIONAL, INC., VIZIO, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |
| | ) | |

**KYOCERA INTERNATIONAL, INC.'S MOTION TO DISMISS PURSUANT TO**
**FED. R. CIV. P. 12(B)(3) AND 12(B)(6) AND MEMORANDUM IN SUPPORT**

# TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................................ 1

II.     STATEMENT OF THE ISSUES................................................................................. 2

III.    STATEMENT OF FACTS .......................................................................................... 2

IV.     ARGUMENT ............................................................................................................... 6

        A.      The FAC Should Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6).................... 6

                1.      The FAC Fails to State a Plausible Claim for Direct Infringement
                        Because It Fails to Identify the Accused Technology and Fails to
                        Tie the Accused Technology to the Patents-in-Suit.................................... 7

                2.      The FAC Fails to State a Plausible Claim for Indirect Infringement
                        Because it Fails to Support the Requisite Elements of Active
                        Inducement of Infringement and Contributory Infringement. .................... 9

                3.      The FAC Fails to State a Claim for Willful Infringement. ....................... 16

        B.      The FAC Should Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(3)................. 18

V.      CONCLUSION.......................................................................................................... 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009) ................................................................................................. *passim*

*Bell Atl. Corp. v. Twombly*,
127 S. Ct. 1955 (2007) ........................................................................................... 6, 7, 9

*Blue Spike, LLC v. Texas Instruments, Inc.*,
No. 6:12-cv-499, 2014 U.S. Dist. LEXIS 187957 (E.D. Tex. July 22, 2014) .............. 9, 10, 11

*Bowlby v. City of Aberdeen*,
681 F.3d 215 (5th Cir. 2012) ...................................................................................... 6

*Bush Seismic Techs. LLC v. American Gem Society*,
No. 2:15-cv-1809-JRG, Dkt. No. 44 (E.D. Tex. Apr. 13, 2016) .................................... *passim*

*Cellular Communs. Equip. LLC v. HTC Corp.*,
No. 6:13-cv-507, 2015 U.S. Dist. LEXIS 179461 (E.D. Tex. Mar. 27, 2015) ................. 15, 16

*Commil USA, LLC v. Cisco Sys.*,
135 S. Ct. 1920 (2015) ............................................................................................... 10, 13

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
No. 6:14-CV-752-JRG-JDL, 2015 U.S. Dist. LEXIS 107354
(E.D. Tex. July 15, 2015) ............................................................................................ 15, 16

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
363 F.3d 1263 (Fed. Cir. 2004) .................................................................................. 11

*Effectively Illuminated Pathways LLC v. Aston Martin Lagonda of N. Am., Inc.*,
No. 6:11-cv-34-LED-JDL, 2011 U.S. Dist. LEXIS 155952
(E.D. Tex. Sept. 29, 2011) .......................................................................................... 8, 9

*Fourco Glass Co. v. Transmirra Prods. Corp.*,
353 U.S. 222 (1957) .................................................................................................... 19

*Global-Tech Appliances, Inc. v. SEB SA*,
131 S. Ct. 2060 (2011) ............................................................................................... 14

*Halo Elecs. v. Pulse Elecs.*,
136 S. Ct. 1923 (2016) ............................................................................................... 17

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
134 S. Ct. 2111 (2014) ............................................................................................... 12

ii

## TABLE OF AUTHORITIES
### (*Continued*)

**Page(s)**

**Cases**

*PB & J Software, LLC v. Backup Agent B.V.*,
  No. 4:12CV691 CDP, 2012 U.S. Dist. LEXIS 147797
  (E.D. Mo. Oct. 15, 2012) .................................................................................8

*R+L Carriers, Inc. v. DriverTech LLC* (*In re Bill of Lading Transmission &
  Processing Sys. Patent Litig.*),
  681 F.3d 1323 (Fed. Cir. 2012)............................................................6, 10, 12

*Ruby Sands LLC v. Am. Nat'l Bank of Tex.*,
  No. 2:15-cv-1955-JRG, 2016 U.S. Dist. LEXIS 83897
  (E.D. Tex. June 28, 2016) ..................................................................................7

*In re Seagate Tech., LLC*,
  497 F.3d 1360 (Fed. Cir. 2007)........................................................................17

*In re TC Heartland LLC*,
  821 F.3d 1338 (Fed. Cir. 2016).......................................................................18

**Statutes**

28 U.S.C. § 1391(b) .............................................................................................5, 18

28 U.S.C. § 1391(c) .......................................................................................5, 18, 19

28 U.S.C. § 1400(b) ......................................................................................... *passim*

35 U.S.C. § 271...................................................................................................11

35 U.S.C. § 271(b) ................................................................................................4

35 U.S.C. § 271(c) ....................................................................................4, 15, 16

35 U.S.C. § 284....................................................................................................16

**Other Authorities**

Fed. R. Civ. P. 8(a) ...............................................................................................6

Fed. R. Civ. P. 12(b)(3).............................................................................1, 18, 19

Fed. R. Civ. P. 12(b)(6).............................................................................1, 6, 19

iii

# TABLE OF AUTHORITIES
## (*Continued*)

**Page(s)**

**Other Authorities**

Fed. R. Civ. P. 18 .......................................................................................................................7

Fed. R. Civ. P. 84 .......................................................................................................................7

4830-5102-1629

Defendant Kyocera International, Inc. ("Defendant" or "Kyocera") hereby moves to dismiss Plaintiff Blue Spike LLC's ("Blue Spike") First Amended Complaint (Dkt. No. 7 ("FAC")) pursuant to Rules 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure.  The FAC includes threadbare recitals of the elements of a cause of action and fails to allege facts sufficient to plausibly plead a claim of direct, indirect, or willful infringement.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).  Venue is also improper in this district under 28 U.S.C. § 1400(b).  As such, the FAC should be dismissed.

# I.   <u>INTRODUCTION</u>

Blue Spike's FAC includes no facts to substantiate the allegation that Kyocera has ever made, used, offered for sale, sold, or imported any product covered by the patents-in-suit.  As to direct infringement, Blue Spike's FAC fails to connect any accused technology or accused product to the subject matter of the patents-in-suit.  As to indirect and willful infringement, the FAC alleges facts confirming that these claims are based solely on Kyocera's conduct that post-dates the filing of the FAC.  (*See* Declaration of Justin E. Gray in Support of Kyocera International Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(3) and 12(b)(6) ("Gray Decl.") Ex. A (*Bush Seismic Techs. LLC v. American Gem Society*, No. 2:15-cv-1809-JRG, Dkt. No. 44, at *4 (E.D. Tex. Apr. 13, 2016) (dismissing claims for indirect infringement and willful infringement based on "conduct occurring as of and after the filing of the complaint" because "[c]laims for willful and induced infringement necessarily require allegations that the accused infringer knew of the patent") ("*Bush Seismic*")).)  Furthermore, the FAC fails to plead any specific acts or statements that allegedly induce infringement, or any specific support for the allegation that the accused products have no substantial non-infringing uses.  Because it fails to state a plausible claim, Blue Spike's FAC should be dismissed.  Further, venue is improper in

this district under 28 U.S.C. § 1400(b) because, *inter alia*, Kyocera does not reside in this district and Kyocera does not have a regular and established place of business in this district.

## II.    STATEMENT OF THE ISSUES

Whether Blue Spike's FAC fails to plausibly plead a claim for direct infringement because it does not sufficiently describe the patented technology or how the accused products allegedly practice the patented technology.

Whether Blue Spike's FAC fails to plausibly plead a claim for indirect infringement because:  (1) the FAC does not plausibly plead a claim of underlying direct infringement; (2) the FAC's indirect infringement claim is based solely on Kyocera's activities that post-date the filing of the FAC; (3) the FAC fails to plausibly allege and support acts that induce infringement; and (4) the FAC fails to identify any components of an accused product that lack substantial non-infringing uses and fails to plausibly support that any accused product or component therein lacks substantial non-infringing uses.

Whether Blue Spike's FAC fails to plausibly plead a claim for willful infringement because the claim is based solely on Kyocera's activities that post-date the filing of the FAC, and because the FAC fails to plead the correct elements of willful infringement.

Whether venue is improper in this district under 28 U.S.C. § 1400(b) because, *inter alia*, Kyocera does not reside in this district and Kyocera does not have a regular and established place of business in this district.

## III.    STATEMENT OF FACTS

Blue Spike's FAC asserts that Kyocera directly and indirectly infringes two patents, U.S. Patent Nos. 5,745,569 ("the '569 patent") titled "Method for Stega-Cipher Protection of Computer Code" and 8,930,719 ("the '719 patent"), titled "Data Protection Method and Device"

2

(collectively, the "patents-in-suit").   (FAC at 1.)   Based on the face of the patents-in-suit, the

'569 patent expired on January 17, 2016, and the '719 patent expires on March 24, 2018 (i.e. 20

years after their respective filing dates).   (FAC at Exs. A, B.)

The FAC's direct infringement allegations lack specificity and factual detail.   The FAC

never describes the patents-in-suit or the patented technology, and never recites any claims that it

alleges are infringed.   Instead, the FAC includes conclusory allegations regarding what it refers

to as "The Accused Technology," a security technique called Address Space Layout

Randomization ("ASLR").   (*Id.* ¶ 16.)   But the FAC does not tie any patent claim(s) to ASLR,

nor does it show how the Android Operating System allegedly utilizes ASLR.   (*Id.* at ¶ 17.)   The

FAC also includes cursory allegations regarding the "Accused Products":

> Defendant Kyocera designs, develops, employs, and/or
> manufactures Address Space Layout Randomization ("ASLR")
> software, systems, and/or technology.  Kyocera makes, uses, offers
> for sale and/or imports into the U.S. products, systems, and/or
> services including but not limited to, its Hydro C5170, Hydro
> Elite, Hydro Xtrm, Rise C5155, and Torque E6710 devices
> (collectively, "Kyocera Accused Products"), which infringe one or
> more claims of the Patents-in-Suit.  On information and belief, the
> Kyocera Accused Products use various versions of the Android
> Operating System, beginning with version 4.0, that implement the
> accused ASLR technology.

(*Id.* at ¶ 21.)   The FAC does not, however, explain or show how the accused products use the

Android Operating System or ASLR.   (*Id.*)

In reciting the elements of direct infringement of the patents-in-suit, the FAC does not

further identify or describe the "products, systems, and/or services" accused of infringement

beyond the five aforementioned examples (various Kyocera smartphones), and does not tie the

accused products to the patents-in-suit.   The FAC recites the elements of direct infringement for

the '569 patent as follows:

> Defendants have been and now are directly infringing by, among other things, practicing all of the steps of the '569 Patent and/or directing, controlling, and obtaining benefits from its partners, distributors and retailers practicing all of the steps of the '569 Patent.

(*Id.* at ¶ 31.)  Blue Spike's direct infringement allegations regarding the '719 patent are identical to those for the '569 patent.  (*Id.* at ¶ 39.)

The FAC's recitation of elements of indirect infringement of the patents-in-suit, including inducement of infringement under 35 U.S.C. § 271(b) and contributory infringement under 35 U.S.C. § 271(c), similarly lacks factual detail.  The FAC is purely conclusory, and does not identify ***any*** specific acts that allegedly induce infringement, or why there are no substantial non-infringing uses for the accused products:

> Defendants have been and now are indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '569 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the '569 Patent. Such products include, without limitation, one or more of the Accused Products.  Such products have no substantial non-infringing uses and are for use in systems that infringe the '569 Patent.  By making, using, importing [sic] offering for sale, and/or selling such products, Defendants injured Blue Spike and are thus liable to Blue Spike for infringement of the '569 Patent under 35 U.S.C. § 271.  Those whom Defendants induce to infringe and/or to whose infringement Defendants contribute are the end users of the Accused Products.  *See Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004).  Defendants had knowledge of the '569 Patent at least as early as the service of this complaint and is [sic] thus liable for infringement of one or more claims of the '569 Patent by actively inducing infringement and/or is [sic] liable as contributory infringer of one or more claims of the '569 Patent under 35 U.S.C. § 271.

(*Id.* at ¶ 32.)   Blue Spike's indirect infringement allegations regarding the '719 patent are identical to those for the '569 patent.  (*Id.* at ¶ 40.)

4

Futher, the FAC's allegations of willful infringement of the patents-in-suit are factually insufficient.  (*Id.* at ¶¶ 34, 42.)  To purportedly support an allegation of willful infringement of the '569 patent, the FAC alleges that Kyocera had knowledge of the '569 patent based on the "forward-cit[ing]" of the '569 patent in patents owned by Microsoft, Digimarc, AT&T, NEC, and Matushita, among other companies, but it does not allege that Kyocera cited the '569 patent in any of its own patents or patent applications, nor does it explain how Kyocera would have knowledge of a patent based on its citation by others.  (*Id.* at ¶ 34.a.)  The FAC also alleges that Kyocera has knowledge of the '569 patent by the "filing and service of this Complaint."  (*Id.* at ¶ 34.b.)

As to the '719 patent, the FAC alleges that Kyocera has knowledge of the '719 patent based on Blue Spike's prior assertions against third-parties, not Kyocera, citing a newspaper article from the South China Morning Post.  (*Id.* at ¶ 42.a.)  And, similar to the '569 patent, the FAC alleges that Kyocera has knowledge of the '719 patent by the "filing and service of this Complaint."  (*Id.* at ¶ 42.b.)

Blue Spike alleges "Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because Defendants do business in the State of Texas, Defendants have committed acts of infringement in Texas and in the District, a substantial part of the events or omissions giving rise to Blue Spike's claims happened in the District, and Defendants are subject to personal jurisdiction in the District."  (FAC at ¶ 8.)  There is no allegation or proof that Kyocera resides in this district or has a regular and established place of business in this district.

The FAC was served on Kyocera's counsel via Waiver of Service form per the parties' agreement on December 30, 2016.  (Dkt. No. 15.)

IV.    **ARGUMENT**

A.    **The FAC Should Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6)**

Blue Spike's FAC fails to satisfy the pleading standards established by the Federal Rules of Civil Procedure and the Supreme Court.   Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to give a defendant "fair notice of what the claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting Fed. R. Civ. P. 8(a)) (internal ellipsis removed).  This standard[1] "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 1964-65.  To that end, the supporting factual allegations, when "taken as true, must state a claim that is plausible on its face."  *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012).

In assessing a complaint for facial plausibility, the Court is to take as true only well-pleaded factual allegations, and it must disregard "[t]hreadbare recitals of the elements of a cause of action" and "mere conclusory statements," as these are "not entitled to the assumption of truth."  *Iqbal*, 129 S. Ct. at 1950.  After separating legal conclusions and recitals from well-pleaded factual allegations, the Court must decide whether the factual allegations support a claim that is plausible on its face.  *Id.* at 1949.  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  A complaint containing factual allegations making it only possible,

---

[1] The law of the Fifth Circuit applies to issues that are purely procedural in nature; Federal Circuit law applies to issues unique to patent law.  *R+L Carriers, Inc. v. DriverTech LLC (In re Bill of Lading Transmission & Processing Sys. Patent Litig.)*, 681 F.3d 1323, 1331 (Fed. Cir. 2012).

4830-5102-1629

but not probable, that the defendant is liable is insufficient to put a defendant on fair notice of the claim. *Id.* at 1949-50.

> **1.      The FAC Fails to State a Plausible Claim for Direct Infringement Because It Fails to Identify the Accused Technology and Fails to Tie the Accused Technology to the Patents-in-Suit.**

The FAC fails to plausibly support the presence of any accused technology in any accused product.  It also fails to tie any accused technology to the patents-in-suit, and it fails to identify a patent claim that embodies any accused technology.  The FAC's bare-bones allegations are insufficient as a matter of law and must be dismissed.

The plausibility standard articulated in *Iqbal* and *Twombly* controls whether a complaint sufficiently pleads and supports a claim for direct infringement.[2]  *Ruby Sands LLC v. Am. Nat'l Bank of Tex.*, No. 2:15-cv-1955-JRG, 2016 U.S. Dist. LEXIS 83897, at *7 (E.D. Tex. June 28, 2016) (citing *Twombly*, 127 S. Ct. at 1955-56).  "[T]o state a claim for direct infringement, a plaintiff must explicitly plead facts to plausibly support the assertion that a defendant 'without authority makes, uses, offers to sell, or sells any patented invention during the term of the patent.'"  *Ruby Sands*, 2016 U.S. Dist. LEXIS 83897, at *7-8 (citing 35 U.S.C. § 271(a); Fed. R. Civ. P. 8(a); *Bowlby*, 681 F.3d at 217).

Determining whether a complaint states a claim for direct infringement is a "context specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 129 S. Ct. at 1950.  In the context of software patents, this Court has held that

---

[2]  Much of this Court's case law regarding the sufficiency of a direct infringement claim considered whether a complaint met or exceeded the form complaint for direct patent infringement in Form 18 of the Federal Rules of Civil Procedure.  Rule 84 of the Federal Rules of Civil Procedure, which made the forms control the sufficiency of a complaint for direct infringement, was abrogated as part of the 2015 Amendments to the Federal Rules of Civil Procedure and as a result, Form 18 "no longer provides a safe harbor for direct infringement claims."  *Ruby Sands*, 2016 U.S. Dist. LEXIS 83897, at *8.

7

"cases involving more nebulous, less tangible inventions such as software methods may require a higher degree of specificity to provide proper notice to the defendant." *Effectively Illuminated Pathways LLC v. Aston Martin Lagonda of N. Am., Inc.*, No. 6:11-cv-34-LED-JDL, 2011 U.S. Dist. LEXIS 155952, at *11 (E.D. Tex. Sept. 29, 2011).

The FAC in this case fails to state a claim for direct infringement for at least two reasons. First, it fails to sufficiently identify the accused products and the accused technology purportedly present in the accused products. The closest the FAC comes to identifying any functionality is a one paragraph discussion of ASLR, which the FAC characterizes vaguely as a "security technique," and which, as described above, is untethered to either patent-in-suit. (FAC at ¶ 16.) The FAC does not even attempt to plead how any accused product implements this technology, let alone provide any facts or documents to substantiate such an allegation. And, to the extent the FAC alleges that the Android Operating System includes this technology (*see id.* at ¶ 17), it does so only through conclusory allegations unsupported by any exhibits or well-pleaded facts, and must thus be disregarded. *Iqbal*, 129 S. Ct. at 1950.

Second, even if the FAC sufficiently identified any accused technology, there is nothing in the FAC to connect that technology to either of the patents-in-suit. The FAC does not describe the patented technology or identify any patent claim that the accused products purportedly practice. A complaint that fails to describe the patent and fails to connect the accused products to the patent does not plead a plausible claim for direct infringement. *PB & J Software, LLC v. Backup Agent B.V.*, No. 4:12CV691 CDP, 2012 U.S. Dist. LEXIS 147797, at *6 (E.D. Mo. Oct. 15, 2012) (dismissing complaint because "Plaintiff's complaint is woefully deficient and does not … meet the requirements of Form 18 because it does not even describe the patent, the infringing device, or the connection between the two."). Nor does such a complaint

give Kyocera "fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 127 S. Ct. at 1964.

Additionally, with respect to the '569 patent, that patent expired prior to Blue Spike filing the FAC.  The '569 patent expired on January 17, 2016, and the FAC was filed ten months later, on November 18, 2016.  Any claims of direct infringement with respect to the '569 patent are therefore limited to the time period prior to January 17, 2016.  But Blue Spike inexplicably alleges that Kyocera "continues to infringe on one or more claims of the '569 Patent."  (FAC at ¶ 30.)  Blue Spike's direct infringement claim for the '569 patent for any activities after January 17, 2016 should be dismissed.

In sum, the FAC includes no support for its naked allegations of direct infringement other than conclusory allegations that an accused product incorporates accused technology.  This is insufficient to provide fair notice to the defendant as to what it must defend under *Iqbal* and *Twombly*.  *See Effectively Illuminated Pathways*, 2011 U.S. Dist. LEXIS 155952, at *11 ("[C]ases involving more nebulous, less tangible inventions such as software methods may require a higher degree of specificity to provide proper notice to the defendant.").

>  **2.    The FAC Fails to State a Plausible Claim for Indirect Infringement Because it Fails to Support the Requisite Elements of Active Inducement of Infringement and Contributory Infringement.**

Blue Spike's indirect infringement allegations should be dismissed because they are nearly identical to those in a complaint rejected by this Court in *Blue Spike, LLC v. Texas Instruments, Inc.*, No. 6:12-cv-499, 2014 U.S. Dist. LEXIS 187957 (E.D. Tex. July 22, 2014).  Blue Spike's FAC in this case is defective for the same reasons:  it fails to plausibly plead a claim of direct infringement; its indirect infringement and willful infringement claims are improperly based solely on Kyocera's activities that post-date the FAC; it fails to allege inducing

acts; and it fails to support the allegation that any component of an accused product has no substantial non-infringing uses.

To plead a claim for active inducement of a patent, a complaint must plead facts sufficient to plausibly support (1) direct infringement by another, (2) that the defendant specifically intended another to infringe and knew that those acts constituted direct infringement, and (3) that the inducing acts were performed with knowledge of the patent. *In re Bill of Lading*, 681 F.3d 1323, 1339 (Fed. Cir. 2012).

"Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is known by the party 'to be especially made or especially adapted for use in an infringement of such patent.'" *Id.* at 1337 (quoting 35 U.S.C. § 271(c)).

Claims for inducement of infringement and contributory infringement both require that the defendant have knowledge of the patent. *Commil USA, LLC v. Cisco Sys.*, 135 S. Ct. 1920, 1926 (2015) ("Like induced infringement, contributory infringement requires knowledge of the patent in suit . . . ."). The FAC fails to plead and plausibly support its claims for indirect infringement.

In *Blue Spike, LLC v. Texas Instruments, Inc.*, this Court considered and rejected indirect infringement claims that mirror those present here. Specifically, the Court found the allegations insufficient to support that (1) the defendant had pre-suit knowledge of the patent-in-suit; (2) the defendant had intent to induce infringement; and (3) the alleged component lacked substantial non-infringing uses. 2014 U.S. Dist. LEXIS 187957, at *185-190. The chart below compares

10

the allegations of Blue Spike found insufficient in the *Texas Instruments* decision to its

allegations in the FAC in this case.

| Indirect Infringement Allegations in the FAC in this Case | Indirect Infringement Allegations Held Insufficient to State a Claim in *Blue Spike, LLC v. Texas Instruments, Inc.* |
| --- | --- |
| Defendants have been and now are indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '569 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the '569 Patent. Such products include, without limitation, one or more of the Accused Products.  Such products have no substantial non-infringing uses and are for use in systems that infringe the '569 Patent.  By making, using, importing offering for sale, and/or selling such products, Defendants injured Blue Spike and are thus liable to Blue Spike for infringement of the '569 Patent under 35 U.S.C. § 271.  Those whom Defendants induce to infringe and/or to whose infringement Defendants contribute are the end users of the Accused Products. *See Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d '1263, 1272 (Fed. Cir. 2004). Defendants had knowledge of the '569 Patent at least as early as the service of this complaint and is thus liable for infringement of one or more claims of the '569 Patent by actively inducing infringement and/or is liable as contributory infringer of one or more claims of the '569 Patent under 35 U.S.C. § 271.

(FAC ¶ 32.) | Defendant has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '175 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the '175 Patent. Such products include, without limitation, one or more of the Accused Products.  Such products have no substantial non-infringing uses and are for use in systems that infringe the '175 Patent.  By making, using, importing offering for sale, and/or selling such products, Defendant injured Blue Spike and is thus liable to Blue Spike for infringement of the '175 Patent under 35 U.S.C. § 271.  Those whom Defendant induces to infringe and/or to whose infringement Defendant contributes are the end users of the Accused Products.  Defendant had knowledge of the '175 Patent at least as early as the service of this complaint and is thus liable for infringement of one or more claims of the '175 Patent by actively inducing infringement and/or is liable as contributory infringer of one or more claims of the '175 Patent under 35 U.S.C. §271.

2014 U.S. Dist. LEXIS 187957, at *182. |

As the chart clearly shows, Blue Spike's allegations in this case are nearly identical and are substantively indistinguishable from those dismissed for failure to support a plausible claim in its case against Texas Instruments.  The allegations here call for the same dismissal.

        **a.**      **The FAC's Indirect Infringement Claims Fail Because the FAC Fails to Plead a Plausible Claim of Underlying Direct Infringement.**

Turning to the substance of Blue Spike's claims, as a threshold matter, because Blue Spike has failed to plausibly plead direct infringement, its indirect infringement claims fail as well.  "There can be no inducement or contributory infringement without an underlying act of direct infringement."  *In re Bill of Lading*, 681 F.3d at 1333; *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 134 S. Ct. 2111, 2117 (2014) ("There is "no doubt that inducement liability may arise 'if, but only if, [there is] . . . direct infringement.'") (quoting *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 365 U.S. 336, 341 (1961)).  Because, as described above, the FAC fails to support a claim for direct infringement, the claims for inducement of infringement and contributory infringement should be dismissed.

        **b.**      **The FAC's Indirect Infringement Claims Should Be Dismissed Because They Are Based Solely on Post-Filing Activities.**

Separate and apart from the FAC's failure to support a claim for direct infringement, the FAC's indirect infringement claims are fundamentally flawed because they are based solely on Kyocera's activities that post-date the filing and service of the FAC.

In *Bush Seismic*, this Court explained that a claim for induced infringement cannot be based solely on "conduct occurring as of and after the filing of the complaint" because "[c]laims for willful and induced infringement necessarily require allegations that the accused infringer knew of the patent."  No. 2:15-cv-1809-JRG, Dkt. No. 44, at *4 (citing *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007); *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304

(Fed. Cir. 2006)).  Contributory infringement, similarly, requires that an accused defendant know of the patent.   *Commil*, 135 S. Ct. at 1926 ("Like induced infringement, contributory infringement requires knowledge of the patent in suit.").  As a result, "[a] patentee should not prospectively allege post-filing conduct in an original complaint.  Rather, if claims for willful or induced infringement arise after the lawsuit is filed, the patentee should amend its complaint to include such claims."  *Bush Seismic*, No. 2:15-cv-1809-JRG, Dkt. No. 44, at *5.  Applying this rule, in *Bush Seismic* the Court dismissed the plaintiff's induced infringement and willful infringement claims based on an allegation that the defendant "has and continues to directly infringe one or more claims of [the patent-in-suit]," because those claims were based only on the defendant's post-filing conduct.  *Id.* at *2, 5.

Here, Blue Spike's indirect infringement claims are based only on post-filing conduct.  Specifically, the FAC alleges that Kyocera "ha[s] been and [is] now indirectly infringing" the patents-in-suit.  (FAC ¶¶ 32, 40.)  This is indistinguishable from the allegations found to be insufficient in *Bush Seismic* that the defendant "has and continues to" infringe.  *Bush Seismic*, No. 2:15-cv-1809-JRG, Dkt. No. 44, at *2, 5.  Moreover, the only facially plausible allegations establish (at best) that Kyocera gained knowledge of the patents via the filing and service of the FAC.  The FAC alleges that the '569 patent was forward cited in certain unidentified patents and patent applications owned by third-parties, but it does not allege that any of these third-party patents and patent applications were owned or prosecuted by Kyocera.  (FAC ¶ 34.a.)  The allegations therefore do nothing more than establish that third-parties (such as Microsoft, Digimarc, AT&T, and NEC, among others) may have notice of the '569 patent, unlike Kyocera. (*Id.*)   As to the '719 patent, the FAC alleges that the '719 patent was asserted against third-parties, not Kyocera.  (*Id.* ¶ 42.a.)  Other than these two allegations that lack any connection to

Kyocera, the FAC asserts only that Kyocera first acquired knowledge of the patents-in-suit through the filing and service of the FAC.  (*Id.* ¶¶ 34.b, 42.b.)

Blue Spike's allegation that these facts establish constructive notice of the patent is insufficient as a matter of law to support indirect infringement and willful infringement.  Claims for indirect infringement and willful infringement all require knowledge of the patent or willful blindness as to the existence of a patent.  *Global-Tech Appliances, Inc. v. SEB SA*, 131 S. Ct. 2060, 2068 (2011).  Blue Spike does not allege knowledge of the patent through willful blindness, and to the extent its allegations of actual knowledge of the patent are supported at all, Blue Spike's indirect infringement claims are based only on Kyocera's conduct that post-dates the filing of the FAC, which is insufficient to support a claim for indirect infringement.  *Bush Seismic*, No. 2:15-cv-1809-JRG, Dkt. No. 44, at *5.

Additionally, with respect to the '569 patent, that patent expired prior to Blue Spike filing the FAC.  The '569 patent expired on January 17, 2016, and the FAC was filed ten months later, on November 18, 2016.  Any claims of indirect infringement with respect to the '569 patent are therefore limited to the time period prior to January 17, 2016.  As explained above, since the only plausible allegations of Kyocera's knowledge of the '569 patent are based solely on post-filing activities, Blue Spike cannot plausibly allege that Kyocera had knowledge of the '569 patent prior to its expiration, and thus Blue Spike's indirect infringement claim for the '569 patent should be dismissed.

        c.        **The FAC's Active Inducement Claims Fail Because the FAC Fails to Allege Inducing Acts.**

Blue Spike's insufficient notice allegations aside, the FAC's active inducement claims are threadbare allegations that Kyocera induces infringement.  (*See* FAC ¶¶ 32, 40.)  No facts are alleged to support that Kyocera committed inducing acts.  Because there is no support for any

14

inducing acts on the part of Kyocera, those claims should be dismissed. *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-CV-752-JRG-JDL, 2015 U.S. Dist. LEXIS 107354, at *13 (E.D. Tex. July 15, 2015) ("[F]ailing to allege any facts identifying, even at a basic level, which functionalities of the accused products are at issue, or how the instructions direct customers to use those products in an infringing manner, falls short of satisfying Rule 8's notice requirement.").

> **d.      The FAC's Contributory Infringement Claims Should Be Dismissed Because They Fail to Identify Components That Are a Material Part of the Invention, and Fail to Support That the Accused Products Lack Substantial Non-Infringing Uses.**

With respect to Blue Spike's contributory infringement allegations, the FAC fails to identify any components that are material to the invention and that have no substantial non-infringing uses, both of which are necessary to sustain a plausible claim for contributory infringement.   "[T]o state a claim for contributory infringement, Plaintiff must identify Defendants' material or apparatus that is used in practicing the patented process and must 'plead facts that allow an inference that [these] components . . . have no substantial non-infringing uses.'"  *Cellular Communs. Equip. LLC v. HTC Corp.*, No. 6:13-cv-507, 2015 U.S. Dist. LEXIS 179461, at *28 (E.D. Tex. Mar. 27, 2015) (quoting *Bill of Lading*, 681 F.3d at 1337); 35 U.S.C. § 271(c) ("Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer").

15

The FAC does not identify any component that is part of a patented apparatus or any material or apparatus used to perform any patented process.  (*See* FAC ¶¶ 32, 40.)  Similarly, the FAC recites only conclusory allegations that the accused products have no substantial non-infringing uses.  (*Id.*)  It lacks facts and documents to support these allegations, which therefore must be disregarded.  *Iqbal*, 129 S. Ct. at 1950 ("[t]hreadbare recitals of the elements of a cause of action" and "mere conclusory statements," are "not entitled to the assumption of truth").  The FAC is otherwise completely silent on how the accused products are used and why the accused products cannot be used in any other substantial way.  Because the FAC fails to identify any component that lacks substantial non-infringing uses and plead facts that support the absence of substantial non-infringing uses, Blue Spike's contributory infringement claim must be dismissed.  *Core Wireless*, 2015 U.S. Dist. LEXIS 107354, at *15 (holding that generic assertions that a product lacks substantial non-infringing uses is insufficient to support a claim for contributory infringement).

### 3.    The FAC Fails to State a Claim for Willful Infringement.

Blue Spike's willfulness claims fail for the same reason as its indirect infringement claims:  they are improperly based solely on Kyocera's activities that post-date the filing of the FAC.  In addition, the FAC fails to set out the elements of a claim for enhanced damages under 35 U.S.C. § 284.  The FAC's claim for enhanced damages due to willful infringement should be dismissed.

#### a.    The FAC's Willful Infringement Claims Fail Because They Are Based Solely on Post-Filing Activities.

Like the FAC's active inducement claims, its willful infringement claims are improperly based solely Kyocera's post-filing conduct.  "If a patentee asserts willful infringement in its complaint, the claim must be grounded in the accused infringer's pre-filing conduct."  *Cellular*

*Communs.*, 2015 U.S. Dist. LEXIS 179461, at *30 (citing *Seagate*, 497 F.3d at 1374 (overruled

on other grounds, *Halo Elecs. v. Pulse Elecs.*, 136 S. Ct. 1923, 1927 (2016))).  The FAC alleges,

at most, that Kyocera first was put on notice of the patents-in-suit by the filing of the FAC.  (*See*

FAC ¶¶ 34, 42.)  This is insufficient to support a claim for willful infringement as a matter of

law.  *Bush Seismic*, No. 2:15-cv-1809-JRG, Dkt. No. 1646, at *4 (dismissing claim for willful

infringement because "[c]laims for willful and induced infringement necessarily require

allegations that the accused infringer knew of the patent" and therefore cannot be grounded

solely in actions occurring after the filing of the complaint).

Additionally, with respect to the '569 patent, that patent expired prior to Blue Spike filing

the FAC.  The '569 patent expired on January 17, 2016, and the FAC was filed ten months later,

on November 18, 2016.  Any claims of willful infringement with respect to the '569 patent are

therefore limited to the time period prior to January 17, 2016.  As explained above, since the

only plausible allegations of Kyocera's knowledge of the '569 patent are based solely on post-

filing activities, Blue Spike cannot plausibly allege that Kyocera had knowledge of the '569

patent prior to its expiration, and thus Blue Spike's willful infringement claim for the '569 patent

should be dismissed.

> **b.     The FAC's Willful Infringement Claims Fail to Plead the
> Elements of Willful Infringement.**

The FAC also fails to correctly recite the elements of willful infringement.  The FAC

alleges willful infringement based on Kyocera's purported "incorporation of the accused

technology . . . represented an objectively high likelihood of infringing the patents-in-suit."

(FAC ¶¶ 34, 42.)  This recitation appears to follow the objective prong of the Federal Circuit's

test for willfulness established in *In re Seagate*, 497 F.3d 1360 (2007) (*en banc*).  But the

*Seagate* test for willfulness was recently overruled in *Halo Elecs. v. Pulse Elecs.*, 136 S. Ct.

17

1923, 1928 (2016) ("[I]n *In re Seagate Technology*, LLC, 497 F.3d 1360 (2007) (en banc), the United States Court of Appeals for the Federal Circuit adopted a two-part test for determining when a district court may increase damages pursuant to § 284. The question before us is whether this test is consistent with § 284. We hold that it is not.").  Accordingly, the FAC does not plead the elements of a claim for enhanced damages based on willful conduct or allow an inference of willful conduct.  The FAC's claim for enhanced damages should be dismissed on this basis alone.

**B.     The FAC Should Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(3)**

This Court should dismiss this case due to improper venue.  Venue is improper in this district under 28 U.S.C. § 1400(b) because, inter alia, Kyocera does not reside in this district and Kyocera does not have a regular and established place of business in this district.  Blue Spike alleges "Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because Defendants do business in the State of Texas, Defendants have committed acts of infringement in Texas and in the District, a substantial part of the events or omissions giving rise to Blue Spike's claims happened in the District, and Defendants are subject to personal jurisdiction in the District."  (FAC at ¶ 8.)  There is no allegation or proof that Kyocera resides in this district or has a regular and established place of business in this district.

On December 14, 2016, the U.S. Supreme Court granted TC Heartland LLC's petition for a writ of certiorari in the case styled as *TC Heartland LLC v. Kraft Food Brands Group LLC* (U.S. Supreme Court No. 16-341).  (Gray Decl. Ex. B.)  TC Heartland has requested the Court to reconsider the Federal Circuit's interpretation of the patent venue statute, 28 U.S.C. § 1400(b), provided in *In re TC Heartland LLC*, 821 F.3d 1338 (Fed. Cir. 2016).  Under TC Heartland's proposed interpretation, a patent infringement case can only be filed in districts either (1) where the defendant resides, or (2) where the defendant has both committed acts of infringement and

18

has a regular and established place of business.  (Gray Decl. Ex. C.)  TC Heartland's proposed

interpretation arises directly from the language of 28 U.S.C. § 1400(b) which requires either (1)

residency or (2) a combination of infringing acts plus a regular place of business as a prerequisite

to proper patent venue.[3]  When Section 1400(b) and Section 1391(c) are read together, it appears

that patent cases can be filed in any venue with personal jurisdiction over the defendant.  TC

Heartland proposes that 28 U.S.C. § 1400(b) not be read together with 28 U.S.C. § 1391(c).[4]

Kyocera makes the same argument made in *TC Heartland* and requests this Court not to read

Section 1400(b) and Section 1391(c) together, but to apply the more traditional and limited

definition of "residency" when interpreting Section 1400(b).  *Fourco Glass Co. v. Transmirra*

*Prods. Corp.*, 353 U.S. 222, 226 (1957) ("where the defendant resides" in Section 1400(b) is

limited to "the state of incorporation only").  When Section 1400(b) is interpreted in this manner,

this case should be dismissed for improper venue under Fed. R. Civ. P. 12(b)(3).

## V.    <u>CONCLUSION</u>

For the foregoing reasons, Kyocera respectfully requests that the Court dismiss the FAC

for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and for improper

venue under Federal Rule of Civil Procedure 12(b)(3).

---

[3] Section 1400(b) states "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

[4] Section 1391(c) states "an entity … shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."

Dated:  January 23, 2017                    Respectfully submitted,


                                            */s/  Justin E. Gray*
                                            Jose L. Patiño (CA Bar No. 149568)
                                               jpatino@foley.com
                                            Nicola A. Pisano (CA Bar No. 151282)
                                               npisano@foley.com
                                            Justin E. Gray (CA Bar No. 282452)
                                               jegray@foley.com
                                            Foley & Lardner LLP
                                            3579 Valley Centre Drive, Suite 300
                                            San Diego, CA 92130-3302
                                            Telephone: 858.847.6700
                                            Facsimile:  858.792.6773

                                            Attorneys for Defendant
                                            KYOCERA INTERNATIONAL, INC.

4830-5102-1629

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this, the 23rd day of January, 2017.  Any other counsel of record will be served by first class U.S. mail on this same date.

/s/ Justin E. Gray
Justin E. Gray

21